MICHAEL J. HEYMAN
United States Attorney

MAC CAILLE PETURSSON
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Email: mac.caille.petursson@usdoj.gov

RACHEL L. ROTHBERG
Trial Attorney, Department of Justice
Child Exploitation and Obscenity Section
1301 New York Ave NW, 11th Fl
Washington, DC 20530
Email: rachel.rothberg@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SETH HERRERA,<br><br>Defendant. | No. 3:24-cr-00091-SLG-KFR (D. Alaska)<br><br>No. 3:26-cr-00050-SLG-KFR (D. Alaska)<br>[Transferred from EP-3:25-cr-01046-KC<br>(W.D. Tex.)] |

This document addenda sets forth completely the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska and the Western District of Texas; it does not bind other federal, state, or local prosecuting authorities.

# PLEA AGREEMENT

## 1. Summary of Agreement

The defendant agrees to plead guilty to the following counts:

Count 1 of the Indictment in No. 3:26-cr-00050-SLG-KFR (D. Alaska)[1]: Attempted Sexual Exploitation of a Minor, a violation of 18 U.S.C. § 2251(a), (e).

Count 2 of the Indictment in No. 3:24-cr-00091-SLG-KFR (D. Alaska): Receipt of Child Pornography, a violation of 18 U.S.C. § 2252A(a)(2), (b)(1).

The parties agree that a sentence of not less than 180 months' imprisonment nor more than 240 months' imprisonment, followed by a period of at least 20 years supervised release, is an appropriate disposition of this matter and intend to be bound by that range regardless of whether it falls within the advisory guideline range as determined by the Court at sentencing.

The United States agrees not to criminally prosecute the defendant further for any other offense related to the events that resulted in the charges contained in the respective Indictments. Following imposition of sentence, the United States will move to dismiss the remaining counts of the Indictment pending in Case No. 3:24-cr-00091-SLG-KFR (D. Alaska) and the remaining count of the Indictment pending in Case No. 3:26-cr-00050-SLG-KFR (D. Alaska) as it relates to the defendant.

The defendant will waive all rights to appeal the conviction and sentence imposed under this agreement. The defendant will also waive all rights to collaterally attack the

---

[1] Upon transfer into the District of Alaska pursuant to Fed. R. Crim. P. 20, Case No. EP-3:25-cr-01046-KC (W.D. Tex.) has been docketed under Case No. 3:26-cr-00050-SLG-KFR (D. Alaska). The Plea Agreement will refer to 3:26-cr-00050-SLG-KFR (D. Alaska) instead of No. EP-3:25-cr-01046-KC (W.D. Tex.).

conviction and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea.

## 2. Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(C) will control this plea agreement. Thus, the defendant may withdraw from this agreement or the guilty plea if the Court rejects the parties' sentencing recommendations at the sentencing hearing. If the defendant nonetheless elects not to withdraw his pleas of guilty, the agreement will no longer govern, and the parties will not be bound by any of its terms. In that circumstance, both parties retain the right to appeal the sentence imposed. Moreover, as an express term of this agreement, the defendant agrees that the government may, at its sole discretion, withdraw from this agreement if the Court rejects the plea agreement. If the government so elects, any previously reduced or dismissed charges shall be automatically reinstated.

## 3. Charges, Elements, Penalties, and Other Matters Affecting Sentence

### 3.1. Charges of Conviction

The defendant agrees to plead guilty to the following counts:

Count 1 of the Indictment in No. 3:26-cr-00050-SLG-KFR (D. Alaska): Attempted Sexual Exploitation of a Minor, a violation of 18 U.S.C. § 2251(a), (e).

Count 2 of the Indictment in No. 3:24-cr-00091-SLG-KFR (D. Alaska): Receipt of Child Pornography, a violation of 18 U.S.C. § 2252A(a)(2), (b)(1).

### 3.2. Elements of the Charged Offenses

The elements of the charge in Count 1 of the Indictment in No. 3:26-cr-00050-SLG-KFR (D. Alaska) to which the defendant is pleading guilty are as follows:

1. First, in or about June 2023, the defendant intended to use, persuade, induce, entice, or coerce a minor (Minor 1) to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and the visual depiction was produced or transmitted using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or was actually transported or transmitted across state lines or in foreign commerce using a means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce; and

2. Second, the defendant did something that was a substantial step toward committing the crime.

The elements of the charge in Count 2 of the Indictment in No. 3:24-cr-00091-SLG-KFR (D. Alaska) to which the defendant is pleading guilty are as follows:

1. First, between on or about August 7, 2023, and on or about May 13, 2024, the defendant knowingly received any child pornography, as defined in 18 U.S.C. § 2256(8)(A), or any material that contained child pornography;

Case 3:26-cr-00050-SLG-KFR    Document 11    Filed 06/24/26    Page 4 of 25

2. Second, the defendant knew that the material was or contained child pornography; and

3. Third, the defendant received the child pornography using a means or facility of interstate or foreign commerce, to wit: the Internet.

### 3.3. Statutory Penalties

The maximum and minimum penalties applicable to the charge of conviction are as follows:

Count 1: 18 U.S.C. § 2251(a), (e) (Attempted Sexual Exploitation of a Child)

1. 15 to 30 years' imprisonment;

2. Five years to a life term of supervised release;

3. A maximum $250,000 fine;

4. Mandatory $5,000 Justice for Victims of Trafficking Act (JVTA) assessment if non-indigent, pursuant to 18 U.S.C. § 3014;

5. Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 (AVAA) special assessment of no more than $50,000, pursuant to 18 U.S.C. § 2259A; and

6. $100 special assessment.

Count 2: 18 U.S.C. § 2252A(a)(2),(b)(1) (Receipt of Child Pornography)

1. 5 to 20 years' imprisonment;

2. Five years to a life term of supervised release;

3. A maximum $250,000 fine;

4. Mandatory $5,000 Justice for Victims of Trafficking Act (JVTA) assessment if non-indigent, pursuant to 18 U.S.C. § 3014;

5. Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 (AVAA) special assessment of no more than $35,000, pursuant to 18 U.S.C. § 2259A; and

6. $100 special assessment.

## 3.4. Other Matters Affecting Sentence

### 3.4.1. Conditions Affecting the Defendant's Sentence

The following conditions may also apply and affect the defendant's sentence:

1. Pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date.

2. Upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release.

### 3.4.2. Consequences of Felony Conviction

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare or other forms of public assistance, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury. A defendant who is not a United States citizen may be subject to deportation from the United States following conviction for a criminal offense, may be denied citizenship, and may not be permitted to return to the

Case 3:26-cr-00050-SLG-KFR    Document 11    Filed 06/24/26    Page 6 of 25

United States unless the defendant specifically receives the prior approval of the United States Attorney General. In some circumstances, upon conviction for a criminal offense, any defendant who is a naturalized United States citizen may suffer adverse immigration consequences, including denaturalization and removal from the United States.

### 3.5. Sex Offender Registration

The defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that, independent of this condition of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. The defendant understands that he must keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. The defendant shall comply with any and all requirements to periodically verify in person his sex offender registration information. The defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction. As a condition of supervised release, the defendant shall initially register with the state sex offender registration in the state of release and shall also register with the state sex offender registration agency in any other state where defendant resides, is employed, works, or is a student, as directed by his probation officer. The defendant shall comply with all

Case 3:26-cr-00050-SLG-KFR    Document 11    Filed 06/24/26    Page 7 of 25

requirements of federal and state sex offender registration laws, including the requirement to update his registration information. The defendant shall provide proof of registration to the U.S. Probation Office within 72 hours of release from imprisonment.

### 3.6. Restitution

The parties have no agreement on restitution. However, the defendant agrees that restitution is mandatory pursuant to 18 U.S.C. § 2259 and his conduct is governed by the Mandatory Restitution Act pursuant to 18 U.S.C. § 3663A(c)(1)(A)(ii). Pursuant to 18 U.S.C. §§ 2259(b)(3), 3663(a)(3), and 3663A(a)(3), the defendant agrees to pay the full amount of restitution to all victims affected by this offense, including, but not limited to, the victims covered in the factual basis, victims covered in those counts to be dismissed as part of the plea agreement pursuant to 18 U.S.C. § 3663A(a)(3), and other persons victimized as a result of the defendant's conduct for the offenses charged in the Indictment. The defendant understands that, pursuant to § 2259(b)(2)(B), the Court must order restitution to each victim in an amount not less than $3,000.

### 3.7. Voluntary Abandonment

Personal property to be voluntarily abandoned under this agreement include the following items: a Samsung Galaxy S21 Ultra mobile device (IMEI: 356544763458145); a Samsung Galaxy S23 Ultra mobile device (IMEI: 358163261190783); a Samsung Galaxy S8+ mobile device (IMEI: 355979084004841); and a Samsung Galaxy S23 Ultra mobile device (IMEI: 355752920102024).

The defendant warrants that he had sole possession and ownership of the property referenced above, and that there are no claims to, or liens or encumbrances on the property

referenced above. The defendant will take all steps as requested by the United States to pass clear title to the property, including but not limited to, executing documents, and testifying truthfully in any legal proceeding. The defendant agrees to forever abandon and disclaim any right, title, and interest that he may have in the property described above, and warrant to the Court free, clear and unencumbered title to the aforementioned property.

## 4. Factual Basis

The defendant admits the truth of the allegations in the Indictment and agrees that the following facts are true:

Beginning at least in or about March 2021, the defendant used The Onion Router (TOR) and various encrypted and/or privacy-enhancing application to access, possess, receive, and transport child pornography[2] on his Samsung cellular phones. These three cellular phones—a Samsung S8+, a Samsung Galaxy S21 Ultra, and a Samsung Galaxy S23 Ultra—were all manufactured outside of the United States.

The defendant used his Samsung S8+ cellular phone to browse the dark web, searching for terms such as "13yr sex", navigating to websites dedicated to the sexual abuse of children, and accessing titles depicting "11 yo Deep Anal Sex" and "pedo porno | little daughters." Those dark websites advertised themselves as the only child pornography site needed, given the panoply of illicit content, including curated pre-teen hard core (PTHC) collections.

Throughout the years, the defendant used encrypted messaging applications such as

---

[2] "Child pornography," as defined in 18 U.S.C. § 2256(8), will be used interchangeably herein with child sexual abuse material (CSAM).

Case 3:26-cr-00050-SLG-KFR    Document 11    Filed 06/24/26    Page 9 of 25

Enigma, Telegram, Potato Chat, nandBox, and MEGA to seek out, access, and receive CSAM content. For instance, the defendant installed Telegram onto his devices as early as April 6, 2021. He created a publicly accessible Telegram group in which he stored his preferred CSAM files, including a video of a screaming child being raped. In six weeks, the defendant uploaded or sent himself over 100 files using that group.

Across the various internet-based applications, the defendant belonged to hundreds of interest-specific groups and channels, including CSAM groups focused on minors engaged in bestiality, incest, and infants/toddlers. Those groups had icons and titles clearly indicative of CSAM, including in relevant part, "baby_toodler_cp" and "CpVideos0-5[ . . . ] pedomom." The defendant regularly received CSAM through those groups. As of May 2024, when his devices were seized, the defendant possessed tens of thousands of video and image files constituting CSAM, depicting sadistic and masochistic content, and boys and girls ranging in age from infant through pubescent. At that time, the defendant belonged to over 400 Telegram groups and over 1,400 Telegram channels alone—many of which were dedicated to the exchange of CSAM.

Additionally, starting as early as December 2022, the defendant used various web-based software/tools to create morphed child pornography and other child exploitative material on his Samsung Galaxy S21 and Samsung Galaxy S23. Specifically, the defendant chatted with multiple Artificial Intelligence (AI) chatbots on Telegram and bookmarked websites that would "nudify" children by undressing or removing clothes from otherwise innocent images of minors. These programs were readily accessible and customizable by users to create illicit deepfake content. For instance, some of the Telegram bots allowed

Case 3:26-cr-00050-SLG-KFR    Document 11    Filed 06/24/26    Page 10 of 25

for personalization of "breasts size, hairy pussy and more" in the generated image. On at least one occasion, the defendant changed his breast preferences to "tiny"; at times, he experimented with different settings for the same image. The defendant paid for some of these images; other content he generated for free.

To create his deepfake content, the defendant inputted images of minors and adults from existing images located on social media platforms, as well as images that the defendant had previously taken on his cell phone. These visual depictions were modified to appear that an identifiable minor was engaging in sexually explicit conduct, as defined in 18 U.S.C. § 2256(8)(C). The resulting deepfake images that the defendant created show minors, including minors known to him (Minor 1 and Minor 2), performing oral sex or being penetrated by a sexual object. Through AI, the defendant undressed real minor females standing in front of the Statue of Liberty, holding up a fish on a dock, making holiday cookies, and holding up a National Junior Honor Society membership certificate, among other scenarios. The defendant undressed a prepubescent minor previously clothed in a sports uniform and holding a volleyball, and he added semen between her computer-generated breasts. The defendant's use of "nudify" technology to undress these minors who were posing in non-sexual settings resulted in images depicting the lascivious exhibition of the genitals. The defendant transported this deepfake material across state lines and stored it in the password-protected Calculator Photo Vault application, which appears disguised as a calculator to secretly hide files on a phone.

The defendant also took surreptitious photographs and recordings of minors known to him, including Minor 1 and Minor 2. In March 2021, the defendant took nine close-up

photographs depicting minor females' clothed buttocks and vaginal area. The defendant stored these images in his Galaxy S21's Keepsafe application, a secure password-protected photo vault. Then, in December 2022, the defendant captured, via Google Nest, screenshots of a minor female undressing. One of these images depicted that minor's breasts; over the course of several days, the defendant used at least two AI photo enhancers to zoom in and improve the quality of the photograph.

Additionally, in or about June 2023, the defendant attempted to produce lascivious videos and images of Minor 1 when, using the Google Nest home camera in his residence in El Paso, within the Western District of Texas, he surreptitiously captured depictions of Minor 1 in various states of undress. He did so for the purpose of producing a visual depiction of that sexually explicit conduct. The defendant saved Google Nest videos that depicted Minor 1, and he stopped the video recording to create a screenshot at the exact moment her vagina and pubic area were in the shot. The defendant intentionally navigated to the portions of the Google Nest recordings in which Minor 1's genitalia was the focal point, and he selectively captured those particular frames via screenshot and saved them on his Samsung Galaxy S21. The image file titled "DCIM/Screenshots/Screenshot_20230604_170357_Home.jpg" depicts a lascivious display of Minor 1's genitals. In that screen capture, Minor 1 is naked, with a pink towel over her head, and is pulling up her underwear. Her pubic area and naked vagina are directly exposed to the camera and in the light. The vagina is the focal point of the depiction. The creation date of the photograph is June 4, 2023, and Minor 1 was twelve years old at the time. The defendant screen-captured a second photograph a few seconds

prior ("DCIM/Screenshots/Screenshot_20230604_170247_Home.jpg") in which Minor 1 is nude, with her vagina slightly facing away from the camera and in shadow. Minor 1 is holding onto her underwear. The defendant also created two videos from the Google Nest camera, which zoomed in on Minor 1 and followed her around the room as she changed.

In total, the defendant secretly produced at least 28 photographs and 2 videos that depict Minor 1 changing in a bedroom in El Paso, Texas. These files, all of which were surreptitiously taken, were created with the defendant's Samsung Galaxy S21 between on or about June 3 and on or about June 8, 2023. They were stored in the defendant's password-protected Calculator Photo Vault on his Samsung Galaxy S21, and they were actually transported across state lines with the defendant when he moved to Alaska on or about August 7, 2023.

The parties agree that the Court may rely upon this statement to determine whether there is a factual basis to support the guilty plea, to determine the relevant conduct applicable for purposes of the United States Sentencing Guidelines, and to evaluate the proper sentence under the criteria set forth in 18 U.S.C. § 3553(a).

## 5. The United States Sentencing Guidelines, Guideline Application Agreements, and Sentencing Recommendations

### 5.1. Advisory U.S. Sentencing Guidelines

The defendant acknowledges that the Court will consult the advisory United States Sentencing Guidelines as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The Guidelines do not establish the statutory maximum or minimum sentence applicable to the offense to which the defendant is pleading guilty.

The Guidelines are not mandatory, and the Court is not bound to impose a sentence recommended by the Guidelines.

### 5.2. Guideline Application Agreements

All agreements regarding Guidelines applications are set out in this section.

### 5.2.1. Acceptance of Responsibility

If the United States concludes that the defendant has satisfied the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to recommend the defendant for a two-level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the United States concludes that the defendant has failed to fully satisfy the criteria set out in U.S.S.G. § 3E1.1 or has acted in a manner inconsistent with acceptance of responsibility—including by inappropriately seeking to delay sentencing—the United States will not make or, if already made will withdraw, this recommendation and motion.

### 5.3. Sentencing Recommendations

The United States Probation Office will prepare the defendant's presentence report in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G. Both the United States and the defendant will have the opportunity to argue in support of or in opposition to the Guidelines calculation in the presentence report, and to present evidence in support of their respective sentencing arguments.

The parties agree that a sentence of not less than 180 months' imprisonment nor more than 240 months' imprisonment followed by a period of at least 20 years' supervised

Case 3:26-cr-00050-SLG-KFR    Document 11    Filed 06/24/26    Page 14 of 25

release is an appropriate disposition of this matter and intend for these recommendations to be binding upon the Court regardless of whether they fall within the advisory guideline range as determined by the Court at sentencing

Except as set forth in this agreement, the parties are otherwise free to recommend to the Court their respective positions on the appropriate sentence to be imposed in this case based on any relevant criteria, including the stipulated facts set forth in Section 4, any additional facts established at the imposition of sentence hearing, the applicable statutory penalty sections, the advisory Sentencing Guidelines and the sentencing factors set forth in 18 U.S.C. § 3553.

The defendant acknowledges that the United States is obligated to provide the Court with truthful and relevant information that may inform the sentencing decision, and that he shall not be entitled to rescission of this agreement as long as the United States does, in fact, recommend a sentence that is not inconsistent with this agreement.

## 6. Additional Agreements by the United States

In exchange for the defendant's guilty plea and the Court's acceptance of the defendant's plea and the terms of this agreement, the United States agrees that it will not criminally prosecute the defendant further for any other offense now known arising out of the subject of the investigation related to the charges brought in the Indictment pending in Case No. 3:24-cr-00091-SLG-KFR (D. Alaska) and the Indictment pending in Case No. 3:26-cr-00050-SLG-KFR (D. Alaska) and the defendant's admissions set forth above.

The United States further agrees to dismiss the remaining counts of the Indictment pending in Case No. 3:24-cr-00091-SLG-KFR (D. Alaska) and the Indictment pending in

Case 3:26-cr-00050-SLG-KFR    Document 11    Filed 06/24/26    Page 15 of 25

Case No. 3:26-cr-00050-SLG-KFR (D. Alaska) as it relates to the defendant after the defendant has been sentenced. The U.S. Attorney's Office for the District of Alaska represents that it has contacted the U.S. Attorney's Office for the Western District of Texas, and that jurisdiction has agreed to abide by the terms of this agreement. The Indictment pending in Case No. EP-3:25-cr-01046-KC (W.D. Tex.) has been transferred to the District of Alaska pursuant to Fed. R. Crim. P. 20 (Transfer for Plea and Sentence) and has been docketed as Case No. 3:26-cr-00050-SLG-KFR (D. Alaska).

However, if the defendant's guilty plea or sentence is rejected, withdrawn, vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case notwithstanding any term of this agreement, to include any charges dismissed thereof. The United States shall be entitled to the automatic reinstatement of any such dismissed charges. As an express term of this agreement, the defendant hereby agrees that to waive any defense that the statute of limitations bars the prosecution of such a reinstated charge. Moreover, the defendant understands that, pursuant to Fed. R. Crim. P. 20, if the defendant pleads not guilty after Case No. EP-3:25-cr-01046-KC (W.D. Tex.) has been transferred under Rule 20, the clerk will return the papers to the court where the prosecution began, and that court will restore the proceeding to its docket.

## 7. Additional Agreements by the Defendant

### 7.1. Waiver of Trial Rights

By pleading guilty pursuant to this agreement, the defendant intentionally and voluntarily waives the following trial rights:

- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

- The right to object to the composition of the grand or trial jury;

- The right to plead not guilty or to persist in that plea if it has already been made;

- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

- The right to be represented by counsel at trial and if necessary to have counsel appointed at public expense to represent the defendant at trial;

- The right to confront and cross examine witnesses against the defendant, and the right to subpoena witnesses to appear in the defendant's behalf;

- The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify in the defendant's own behalf; and

- The right to contest the validity of any searches conducted on the defendant's property or person.

## 7.2. Waiver of Appellate Rights

The defendant waives the right to appeal any conviction for any of the charges set forth in this agreement. The defendant further waives the right to appeal any sentence imposed pursuant to this agreement, except on the grounds that the sentence exceeds the

maximum term authorized by statute. The defendant understands that this waiver includes, but is not limited to, the length of any term of imprisonment; forfeiture (if applicable); length, terms, or conditions of probation or supervised release (if applicable); any fines or restitution; and any and all constitutional or legal challenges to any conviction or guilty plea, including arguments that any statute which defendant is charged with violating pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support a plea of guilty.

Should the defendant pursue an appeal in violation of this agreement, it will constitute a material breach of the agreement. The filing of an appellate brief shall constitute pursuit of an appeal.

### 7.3. Waiver of Venue

Defendant understands that he has a right to be charged in the district in which the offense occurred. Defendant also understands that venue can be waived. In signing this plea agreement and pleading guilty, Defendant agrees to waive any objection as to venue as to the crimes he committed in the Western District of Texas and elsewhere. He has consented to plead guilty and be sentenced for those crimes in the District of Alaska, pursuant to Fed. R. Crim. P. 20.

### 7.4. Waiver of Collateral Attack Rights

The defendant agrees to waive all rights to collaterally attack any conviction or sentence imposed pursuant to plea agreement, or any portion thereof, including the length of any term of imprisonment; forfeiture (if applicable); length, terms, or conditions of probation or supervised release (if applicable); any fines or restitution; and any and all

Case 3:26-cr-00050-SLG-KFR     Document 11     Filed 06/24/26     Page 18 of 25

constitutional or legal challenges to any conviction or guilty plea. The only exceptions to this collateral attack waiver are: a challenge to the conviction or sentence alleging ineffective assistance of counsel, based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; or a challenge to the voluntariness of the defendant's guilty plea. The scope of this waiver applies to a collateral attack brought in any procedural vehicle, including but not limited to a challenge brought pursuant to 28 U.S.C. §§ 2241 or § 2255. The filing of such a challenge shall constitute a material breach of this agreement.

### 7.5. Waiver of Evidence Rule 410 and Fed. R. Crim. P. 11(f)

By pleading guilty pursuant to this agreement, the defendant admits the truth of the facts in the Factual Basis portion of this agreement. The defendant agrees that the statements made in signing this agreement shall be deemed usable and admissible in any subsequent proceeding, regardless of whether the plea agreement or any other portion thereof is subsequently withdrawn or rescinded. The foregoing provision acts as a modification and express waiver of the provisions of Fed. R. of Evid. 410 and Fed. R. Crim. P. 11(f), and is effective upon the defendant's in-court admission to the factual basis. The sole exception to this waiver occurs if the defendant or the government withdraws from this agreement because the District Court judge rejects the plea agreement.

### 7.6. Consent to Plea Before Magistrate Judge

The defendant has the right to enter a plea before a United States District Judge. The defendant, defense counsel, and the attorney for the Government consent to have the defendant's plea taken by a United States Magistrate Judge pursuant to Fed. R. Cr. P. 11

Case 3:26-cr-00050-SLG-KFR    Document 11    Filed 06/24/26    Page 19 of 25

and 59. The parties understand that if the Magistrate Judge recommends that the plea of guilty be accepted, a pre-sentence investigation report will be ordered pursuant to Fed. R. Crim. P. 32. The parties agree to file objections (if any) to the Magistrate Judge's Report and Recommendation within seven calendar days, thereby shortening the time for objections set forth in Fed. R. Crim. P. 59. The District Court Judge will decide whether to accept this plea agreement at the time it imposes sentence in the case.

### 7.7. Agreement to be Sentenced Within 120 days of Entering a Plea

The defendant agrees to be sentenced within 120 days of appearing before the Court to enter a guilty plea. The defendant acknowledges that if he seeks to delay sentencing past that time without the prior consent of the United States, this conduct will be considered inconsistent with acceptance of responsibility and will forfeit any entitlement to a Guidelines reduction for acceptance of responsibility. The United States acknowledges that a delay beyond 120 days in sentencing attributable to the Court, the government, or other factors beyond the defendant's control will not be considered inconsistent with acceptance of responsibility.

### 7.8. Detention Pending Sentencing

The defendant agrees that he will remand into custody on the day that he agrees in court to the factual basis supporting the plea, if he is not already in custody at that time. The defendant further agrees not to seek release at any time between that appearance in Court date of the guilty plea imposition of sentence.

Case 3:26-cr-00050-SLG-KFR     Document 11     Filed 06/24/26     Page 20 of 25

### 7.9. Payment of Monetary Penalties and Cooperation with Financial Investigation

The defendant agrees that any monetary penalties imposed (including any fine, forfeiture, restitution, or assessment) will be subject to immediate enforcement as provided in 18 U.S.C. § 3613 upon entry of judgment. The defendant acknowledges that any monetary penalties or forfeiture money judgment will be submitted to the Treasury Offset Program so that payments to the defendant may be applied to federal debts.

To facilitate the payment and collection of any monetary penalties that may be imposed, within 30 days of the entry of the guilty plea in court, the defendant agrees to truthfully complete under penalty of perjury a financial statement provided by the United States Attorney's Office, and to update the statement within 7 days of any material change. The defendant further agrees to make full disclosure of all current and projected assets to the U.S. Probation Office before imposition of sentence and again before termination of supervised release or probation, such disclosures to be shared with the United States Attorney's Office.

### 7.10. Breach and Other Circumstances Entitling the Government to Relief

The defendant acknowledges that, if the United States demonstrates by a preponderance of the evidence that he has failed in any material way to perform any obligation set out in this agreement, the United States is entitled, at its option, to recission of this agreement. This entitlement supplements, and does not replace, any other form of relief that the United States might be entitled to in the event of a breach, to include any other specific remedy set out under the terms of this plea agreement. The defendant

acknowledges if the plea agreement is rescinded, the defendant's admission to the factual basis will be admissible against the defendant as specified in Section 7.4 of this agreement.

## 8. The Parties' Acceptance of this Agreement

I, Seth Herrera, the defendant in this case, affirm this document contains all of the agreements made between me (with the assistance of my attorney) and the United States regarding my guilty plea. There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, United States and I will jointly inform the Court in writing before I enter my guilty plea.

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I appear to enter my plea.

I enter into this agreement voluntarily, with the intent to be bound, and with a full understanding that the concessions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill my obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I

have violated the terms of this agreement. I understand and agree that the government's burden to prove a breach will be by a preponderance of the evidence.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter a guilty plea. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty plea. My attorney and I have discussed all possible defenses to the charges contained in the Indictment. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes applicable to my offense and sentence as well as the possible effect the Guidelines may have on my sentence. However, I understand that my attorney cannot guarantee any particular sentence except as set out herein, and I expressly acknowledge that my decision to plead guilty is not based on a belief that I am certain to receive a particular sentence that is not set out in this agreement.

Based on my complete understanding of this plea agreement, I therefore admit that I am guilty of Attempted Sexual Exploitation of a Child, 18 U.S.C. § 2251(a), (e), as charged in Count 1 of the Indictment in Case No. 3:26-cr-00050-SLG-KFR (D. Alaska),

and guilty of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2),(b)(1) as charged in Count 2 of the Indictment in Case No. 3:24-cr-00091-SLG-KFR (D. Alaska).

DATED: ___6/23/26___      _____
                                     SETH HERRERA
                                     Defendant

As counsel for the defendant, I have conveyed all formal plea offers. I have discussed the terms of this plea agreement with the defendant, have fully explained the charges to which the defendant is pleading guilty, the necessary elements thereto, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competence to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: ___6/23/26___      _____
                                     BENJAMIN MUSE
                                     Attorney for Seth Herrera

Case 3:26-cr-00050-SLG-KFR    Document 11    Filed 06/24/26    Page 24 of 25

On behalf of the United States, I accept the defendant's offer to plead guilty under

the terms of this plea agreement.

MICHAEL J. HEYMAN
United States Attorney

DATED: _6/24/26_

RACHEL L. ROTHBERG
Trial Attorney
MAC CAILLE PETURSSON
Assistant United States Attorney
United States of America

Case 3:26-cr-00050-SLG-KFR    Document 11    Filed 06/24/26    Page 25 of 25